**GLEN MCCLENDON**, OSB #733460
EMAIL: GMCCLENDON@LINDSAYHART.COM
LINDSAY HART, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697

Attorneys for Plaintiff Joshua Callington

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSHUA CALLINGTON, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES (WHISTLEBLOWER CLAIM; WRONGFUL DISCHARGE AND WAGE AND HOUR CLAIMS**) |
| INTERTEK USA INC., INTERTEK TESTING SERVICES NA, INC., and LABTEST INTERNATIONAL INC. | |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

Plaintiff alleges:

## JURISDICTION

1.      Plaintiff is a citizen of the State of Oregon. Defendants are foreign corporations with their principal place of business in the State of Texas (herein after collectively "Intertek"). This is a civil action. This court has original jurisdiction under 28 USC § 1332 in that it is a civil action between citizens of different states and the matter and controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.      Defendants provide quality and safety inspection services to businesses, including

Page 1 - **COMPLAINT FOR DAMAGES
(WHISTLEBLOWER CLAIM;
WRONGFUL DISCHARGE AND WAGE
AND HOUR CLAIMS)**

conducting social compliance inspections and audits to assure that they are in compliance with the laws and regulations governing their industry. This includes compliance with laws and regulations governing the safety of the businesses employees. These inspections and audits are designed to help the businesses to meet end users expectations for safety, sustainability, performance, integrity and desirability in markets worldwide.

3.    Defendants are foreign corporations.  It provides quality and safety inspection services to businesses, including conducting social compliance inspections and audits to assure that they are in compliance with laws and regulations governing their industry.  This includes compliance with laws and regulations governing the safety of the businesses' employees.  These inspections and audits are designed to help the businesses to meet end users' expectations for safety, sustainability, performance, integrity and desirability in markets worldwide.

4.    Plaintiff was employed by defendant as a social compliance auditor from on or about September 8, 2014, until he was wrongfully terminated on or about December 28, 2015.

5.    Plaintiff worked out of the State of Oregon.  His primary job task was to travel to companies throughout the United States and Canada to conduct social compliance audits.  Plaintiff performed the social audits thoroughly, honestly, ethically and in compliance with defendant's code of ethics and the Compliance Code of the International Federation of Inspection Agents ("IFIA").  In accordance with those ethical standards and codes, plaintiff was required to accurately report the findings of his inspections and audits, including the businesses' compliance with safety regulations and laws, including those of the Occupational Safety and Health Administration (OSHA) and the Department of Labor (DOL).

6.    During his employment, plaintiff conducted social compliance inspections and audits of companies which were customers of defendant, or suppliers to customers who were end-users.   He did so thoroughly, honestly and ethically and in compliance with defendant's code of ethics and the Compliance Code of the IFIA.  In some instances, plaintiff accurately reported that

Page 2 - **COMPLAINT FOR DAMAGES (WHISTLEBLOWER CLAIM; WRONGFUL DISCHARGE AND WAGE AND HOUR CLAIMS)**

the audited company was out of compliance with laws and regulations, including laws and regulations governing safety sustainability, performance and integrity.  This upset the non-compliant companies, which voiced their unhappiness to defendant.

7.      Defendant, apparently not wanting to offend any of its customers, reprimanded plaintiff for making thorough, honest and ethical social compliance audits and for reporting those findings.  He was told that he needed to "improve his understanding of his role as a partner" with the companies that he was auditing so that they would arrive at "acceptable conclusions."  He was to "concede from raising in the [audit] report" those conclusions that were not mutually accepted. He was instructed that in making his social compliance audits, he was to "adhere to client and program expectations."  He was further told that he was to come to "mutually accepted audit findings" with the various companies that he was auditing.  Plaintiff told defendant that he believed these instructions were in conflict with his obligation to perform a thorough, honest and ethical inspection and audit and were in conflict with defendant's code of ethics and the Compliance Code of the IFIA.  Defendant never properly responded to plaintiff's concerns.

8.      Plaintiff continued to perform his job by conducting thorough, honest and ethical social compliance audits in compliance with defendant's code of ethics and the Compliance Code of the IFIA.  He continued to accurately report his findings which, at times, found that companies he was auditing were out of compliance, including non-compliance with safety laws and regulations, which endangered the company's employees and others.  When he did so, these companies complained to defendant, and defendant ultimately terminated plaintiff's employment on or about December 28, 2015, in retaliation for plaintiff accurately reporting social compliance audits conducted in compliance with defendant's code of ethics and the Compliance Code of the IFIA.

/ / /

/ / /

/ / /

Page 3 - **COMPLAINT FOR DAMAGES (WHISTLEBLOWER CLAIM; WRONGFUL DISCHARGE AND WAGE AND HOUR CLAIMS)**

LINDSAY HART, LLP

## FIRST CLAIM FOR RELIEF

### (Safety Complaint Retaliation)

9. Defendant discriminated and retaliated against plaintiff, and ultimately terminated his employment for the reason that plaintiff, in good faith, made safety complaints and opposed unsafe work conditions and labor violations of companies that he audited in violation of federal and state laws.

10. Defendant's actions against plaintiff were unlawful employment practices under ORS 654.062(5).

11. As a direct and proximate result of defendant's actions, plaintiff has suffered economic damages, including loss of wages and an impairment in future earning capacity in the amount of $100,000.00.

12. As a further direct and proximate result of defendant's actions, plaintiff has suffered non-economic harm in the form of emotional and mental distress, degradation, embarrassment and humiliation, for which he seeks non-economic damages in the amount of $500,000.00.

13. Pursuant to ORS 654.062, plaintiff is entitled to recover economic and non-economic damages as herein stated, equitable and injunctive relief, and his reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### (Statutory Whistleblower Claim)

14. Defendant discharged, discriminated and retaliated against plaintiff for the reason that plaintiff, in good faith, complied with defendant's code of conduct and the Compliance Code of the IFIA and, in good faith, reported information that plaintiff believed was evidence of violation of state and federal laws, rules and regulations.

15. Defendant's actions against plaintiff were unlawful employment practices under

Page 4 - **COMPLAINT FOR DAMAGES (WHISTLEBLOWER CLAIM; WRONGFUL DISCHARGE AND WAGE AND HOUR CLAIMS)**

LINDSAY HART, LLP

ORS 659A.199.

16.    As a direct and proximate result of defendant's actions, plaintiff has been damaged and is entitled to his economic and non-economic damages, equitable relief, as set forth in Paragraphs 10 and 11 above, and his reasonable attorney's fees and litigation costs pursuant to ORS 659A.885.

## THIRD CLAIM FOR RELIEF

### (Common Law Wrongful Discharge)

17.    Defendant discharged plaintiff for fulfilling an important societal obligation in reporting his good-faith belief that the companies that he inspected and audited were violating safety laws and regulations.

18.    As a direct and proximate result of defendant's actions, plaintiff has been damaged and is entitled to economic and non-economic damages and punitive damages, as above stated.

## FOURTH CLAIM FOR RELIEF
### (Violation of Oregon Wage and Hour Laws – Failure to Pay Overtime
### ORS 653.261)

19.    At all times relevant, plaintiff was an employee subject to Oregon's wage and hour laws.

20.    During the time that plaintiff worked for defendant, plaintiff worked 1,200 hours of overtime, for which he was not paid.  At an hourly overtime rate of $37.50, plaintiff is owed $45,100.00 in overtime compensation.

21.    Defendant's non-payment of overtime was willful.

22.    As a result of defendant's violations, plaintiff is entitled to recover his actual damages of $45,100.00.

23.    Plaintiff gave defendant written notice of this wage claim more than 12 days prior to filing this claim.

24.    A result of defendant's violation of ORS 653.261, plaintiff is entitled to his actual

Page 5 - **COMPLAINT FOR DAMAGES**
**(WHISTLEBLOWER CLAIM;**
**WRONGFUL DISCHARGE AND WAGE**
**AND HOUR CLAIMS)**

LINDSAY HART, LLP

damages for the unpaid overtime and 30 days of penalty wages pursuant to ORS 652.150.

25.    Plaintiff is entitled to his costs and attorney's fees pursuant to ORS 652.200.

## FIFTH CLAIM FOR RELIEF

### (Failure to Pay Wages Owed at Termination – ORS 652.140)

26.    Plaintiff's employment with defendant ended on or about December 28, 2015.

27.    ORS 652.140(1) provides that, "When an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the first business day after the discharge or termination."

28.    ORS 652.150 imposes a penalty upon employers who willfully fail to pay wages or compensation due a terminated employee at the same hourly rate that the employee was to be compensated for eight hours per day until paid or until the action therefore is commenced, up to 30 days from the due date.

29.    Plaintiff is entitled to penalty wages in an amount to be determined at trial.  Plaintiff is also entitled to his reasonable attorney's fees and costs, pursuant to ORS 652.200(1).

## PUNITIVE DAMAGES

30.    Plaintiff hereby gives notice that he will amend his complaint to add a claim for punitive damages.

WHEREFORE, plaintiff prays as follows:

a)    For economic damages in the amount of $145,100.00;

b)    For non-economic damages in the amount of $500,000.00;

c)    For penalty damages associated with his wage claims;

d)    For his reasonable attorney's fees incurred herein;

/ / /

/ / /

Page 6 - **COMPLAINT FOR DAMAGES (WHISTLEBLOWER CLAIM; WRONGFUL DISCHARGE AND WAGE AND HOUR CLAIMS)**

LINDSAY HART, LLP

e)      For just and reasonable equitable relief; and

f)      For his costs and disbursements incurred herein.

Dated this 14th day of April, 2016.


                    LINDSAY HART, LLP



            By:   /S/ Glen McClendon
                  Glen McClendon, OSB #733460
                  gmcclendon@lindsayhart.com
                  Attorneys for Plaintiff Joshua Callington


Page 7 - **COMPLAINT FOR DAMAGES**                LINDSAY HART, LLP
**(WHISTLEBLOWER CLAIM;**
**WRONGFUL DISCHARGE AND WAGE**
**AND HOUR CLAIMS)**