Jennifer A. Nelson, OSB No. 034086
jennifer.nelson@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone:     503.552.2140
Fax:           503.224.4518

      Attorneys for Defendants


Glen McClendon, OSB No. 733460
gmcclendon@lindsayhart.com
Lindsay Hart, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, OR 97201
Telephone:   503.226.7677
Fax:           503.226.7697

      Attorneys for Plaintiff


# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| JOSHUA CALLINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>INTERTEK USA INC., INTERTEK TESTING SERVICES NA, INC., and LABTEST INTERNATIONAL INC.,<br><br>    Defendants. | **Case No.: 3:16-cv-00634-PK**<br><br>**STIPULATED PROTECTIVE ORDER** |

Based upon the stipulation of the parties, by and through their undersigned counsel,

IT IS HEREBY ORDERED as follows:

1 – STIPULATED PROTECTIVE ORDER

All documents, materials, testimony, and other information of any kind (collectively, "documents") designated "CONFIDENTIAL" and produced by any party to this litigation in response to any request for production shall be subject to the following terms and conditions:

## I.    PROCEDURES AND DEFINITIONS

### A.    Designation and Type of Confidential Documents.

The parties in this case may designate documents and information as confidential, as specified below. Such documents or information will be labeled "CONFIDENTIAL" to apprise others that the documents have been designated as confidential. The parties will label documents with one of these designations only after a good faith determination that the document contains material that qualifies as (1) a legitimate trade secret or other confidential and proprietary commercial information under ORS 646.461(4) and/or Fed. R. Civ. P. 26(c)(7); or (2) personal and confidential information of third parties exempt from public disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), ORS § 192.501, ORS § 192.502, or any other state or federal law.

Documents subject to this CONFIDENTIAL designation are:

(a)    Medical documents of any party or individual;

(b)    Files or data related to any non-party individual, including current or former employees of Intertek USA Inc., Intertek Testing Services NA, Inc. or Labtest International Inc.;

(c)    Employment or investigation files related to plaintiff;

(d)    Proprietary information of Intertek USA Inc., Intertek Testing Services NA, Inc. and Labtest International Inc., including handbooks, policies and procedures;

(e)    Non publicly-filed documents related to any investigation into an allegation of a violation of federal or state civil rights laws by any current or former employee of Intertek USA Inc., Intertek Testing Services NA, Inc. or Labtest International Inc; and

(f)    Documents or data pertaining to any former or current customer, client, or audit subject of Intertek USA, Inc., Intertek Testing Services NA, Inc. or Labtest International, Inc., to

the extent that information is deemed discoverable and the parties agree on the scope of the production of such material.

**B.    Access to Confidential Documents.**

Except upon prior written consent of the party asserting CONFIDENTIAL treatment or upon further order of a court of competent jurisdiction, documents designated as CONFIDENTIAL shall be held in confidence and shall be used solely for the purposes of this litigation.  Access to CONFIDENTAL documents shall be limited to:

(a)    The Court, including any Court personnel assisting the Court, stenographers, or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

(b)    Plaintiff, defendant, and their counsel of record, and paralegal, clerical, and secretarial employees of counsel of record;

(c)    The officers, directors, or employees of a party participating in the prosecution, defense, settlement, or other disposition of this action;

(d)    Mediators, consultants, experts, or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action;

(e)    Any person who is an author, addressee, or recipient of, or who previously had access to, the CONFIDENTIAL information;

(f)    Deposition witnesses;

(g)    Any other person as to whom the party that designated the document or information as CONFIDENTIAL has consented to disclosure in advance; and

(h)    Any other person designated by the Court.

**C.    Consent to Be Bound.**

Any of the persons listed above shall be bound to use CONFIDENTIAL documents and the information contained therein solely for purposes of this litigation.  Before receiving, being shown, or using confidential documents, the persons listed above shall be shown a copy of the

3 – STIPULATED PROTECTIVE ORDER          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Stipulated Protective Order and shall agree in writing or verbally to be bound by this and all other terms contained herein. Should any person refuse to consent to be bound by the terms of the Protective Order, disclosure of the CONFIDENTIAL documents shall not constitute a waiver of the protections of the Protective Order.

## II.    OTHER PROVISIONS

### A.    Challenges to the Designation of Documents as Confidential.

If any party challenges the designation of any documents or testimony as confidential, that party shall notify all interested parties of its intent to challenge the confidentiality designation, and the parties shall negotiate in good faith to resolve any dispute in this regard without resort to the Court. If the parties are not able to resolve such a dispute, the party making the designation of confidentiality may apply within fourteen (14) days to the Court by motion for appropriate relief; provided, however, that the protections under this Stipulated Protective Order shall continue to apply until such time as the Court has ruled to the contrary. The party asserting the privilege that the document or testimony is confidential shall have the burden of demonstrating to the satisfaction of the Court that public interest or the interest of justice clearly requires that the document or testimony remain protected as confidential. A challenge to any designation made hereunder may be made at any time during the pendency of this lawsuit.

### B.    Filing Documents Under Seal.

If any of the documents provided pursuant to this Protective Order need to be filed with the Court, they shall be filed under seal subject to the following conditions. If a party files under seal any document produced under this Protective Order, a party seeking to preserve the secrecy of any such document must make the showing required pursuant to FRCP 26 and *Folz v. State Farm Mutual Automobile Ins. Co.,* F.3d 1122 (9th Cir. 2003), in order to maintain the Protective Order as to such document. Before seeking to maintain protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

4 – STIPULATED PROTECTIVE ORDER        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

## C.    Inadvertent or Late Disclosure.

If any party inadvertently produces or discloses any CONFIDENTIAL document without marking it with the appropriate legend, that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, and upon request, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed waiver of confidentiality.

## D.    Return of Documents.

Upon final disposition of this action, including all appeals, and upon the written request of the producing party, the parties shall assemble and return to each other all documentary materials protected by this Protective Order, including all copies, within 30 days of dismissal of the case. Counsel shall be entitled to retain memoranda and pleadings embodying information derived from such CONFIDENTIAL documents to the extent reasonably necessary to preserve a file. Absent a written request from the producing party, counsel will not be required to return the materials subject to this Protective Order.

## E.    Application to Court.

This Protective Order is without prejudice to the right of any party to apply to the Court for an order permitting the disclosure of any CONFIDENTIAL document or to apply for an order modifying or limiting this Protective Order in any respect.

## F.    Duration, Modification, and Application.

The provisions of this Protective Order shall continue in effect unless and until modified by this Court in a future order (which is expressly contemplated by the terms of this Protective Order). However, nothing in this Protective Order shall be construed as preventing a party who has designated its own documents as CONFIDENTIAL from voluntarily disclosing such

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

documents if it so chooses.  This Protective Order shall apply to all parties and to all non-parties producing or receiving CONFIDENTIAL designated documents.

IT IS SO ORDERED:

DATED: 9-12-16

_____
Honorable Magistrate Judge Paul Papak

IT IS SO STIPULATED:

Date: September 9, 2016

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: s/ Jennifer A. Nelson
    Jennifer A. Nelson, OSB No. 034086
    jennifer.nelson@ogletreedeakins.com
    503.552.2140

Attorneys for Defendants

Date: September 9, 2016

**LINDSAY HART, LLP**

By: s/ Glen McClendon
    Glen McClendon, OSB No. 733460
    gmcclendon@lindsayhart.com
    503.226.7677

Attorneys for Plaintiff

25657696.1

6 – STIPULATED PROTECTIVE ORDER

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518